## CIRCUIT COURT OF GREENSVILLE COUNTY

Champion International Corp.

v.

City of Virginia Beach

Case No. (Chancery) 12-89

In re Certificate No. C-005;
Project: Lake Gaston Water Supply
Project Parcel No. 005; Landowner: S. R. Jones

Case No. (Law) 98-88

March 31, 1989

By JUDGE ROBERT G. O'HARA, JR.

The City of Virginia Beach, S. R. Jones, and Champion International Corporation, herein after referred to as Virginia Beach, Jones and Champion, presented their arguments to the Court in a combined hearing in the Circuit Court of Greensville County on March 20, 1989, supporting their respective positions with memoranda prior to, during, and after their arguments.

There are six pleadings before the Court for consideration; Jones' Petition to Invalidate Virginia Beach's Certificate of Take; Virginia Beach's Answer to Jones' Petition; Champion's Bill for Declaratory Judgement; Champion's Motion for Temporary and Permanent Injunction; Virginia

Beach's Demurrer to Champion's Bill for Declaratory Judgment, and Virginia Beach's Demurrer to Champion's Motion for Temporary and Permanent Injunctions.

The Court has gleaned from the pleadings, stipulations, arguments and cited authorities, the following issues essential to its ruling on the above pleadings:

1. Is Virginia Beach required to prove the "necessity" for the property sought to be condemned?

2. What impact does existing litigation in Federal Courts have on the issues raised by the pleadings in these two cases?

3. Are there procedural safeguards to protect Jones and Champion in the event the project is not constructed?

4. To what extent and degree may Virginia Beach proceed with condemnation?

These issues will be addressed, in order, in the following four paragraphs.

Prior to 1983, the issue of "necessity" was one for "the court having jurisdiction of the case." The 1983 amendment to § 15.1-237 permits "necessity" to also "be declared by resolution of the governing body following a public hearing . . ." Virginia Beach has adopted the required resolution, therefore proof in this forum is not required.

Certain practical and logical arguments can be and have been made, that Virginia Beach may be "counting their chickens before they have hatched", by proceeding with State condemnation without the required Federal permits. Existing litigation has practical and logical implications on these State proceedings, but such litigation does not prohibit Virginia Beach from proceeding to condemn the lands of Jones and Champion.

The provisions of § 15.1-236 permit Virginia Beach to proceed to acquire property by eminent domain and those proceedings may be instituted and conducted, with appropriate and necessary changes, (mutatis mutandis) as prescribed in Article 7 (§ 33.1-89 et seq.) of Chapter 1 of Title 33.1. Therefore, the provisions of § 33.1-90 are applicable in the event construction does not take place for any reason, be it Federal Court decision, State Court decision (special three-judge court), or voluntary abandonment. Jones and Champion are therefore afforded the safeguards of § 33.1-90.

Section 15.1-875 of the Code of Virginia, as amended, prohibits Virginia Beach from constructing or operating a water supply or facility, without its boundaries, unless it obtains the consent of Brunswick County. Construction and operation are subsequent activities to acquisition. Virginia Beach is not prevented from proceeding by condemnation to acquire property, but they may not proceed with the construction or operation of such supply or facility without the consent of Brunswick County. If consent is not obtained, the aforementioned section directs the appropriate forum, a special three-judge court, to resolve the issue.

In conclusion, Virginia Beach may proceed with condemnation of the lands of Jones and Champion, but may not begin construction.